UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

573 FORDHAM DENTAL P.C., ET AL.,                    :

                                    Plaintiffs,     :

                                                    :

                                                    :

                                                    :

                v.                                  :

                                                    :

THE HARTFORD FINANCIAL SERVICES                     :

GROUP INC., ET AL.,                                 :

                                                    :

                                    Defendants.     :

-------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  _4/15/2021_____

**ORDER**
20-cv-08847 (ALC)

ANDREW L. CARTER, JR., District Judge:

The Court now considers a motion by Plaintiffs 573 Fordham Dental P.C. and 586 Morris Dental, P.C. to remand this matter to state court on the basis that (1) the Court lacks subject matter jurisdiction because Defendants, the Hartford Financial Services Group Inc. and Sentinel Insurance Company, Ltd., have not carried their burden to show the amount in controversy exceeds $75,000 and (2) removal was untimely under 28 U.S.C. § 1446. The Court finds that both grounds advanced by Plaintiffs lack merit and DENIES the motion to remand.

Background

By a complaint filed in the Supreme Court, Bronx County (Index No. 30572/2020E), Plaintiffs, dental practices, initiated an action seeking a declaratory judgment that Defendants, insurance companies, must cover certain business losses related to the COVID-19 Pandemic. Plaintiffs served the complaint on Defendants on September 22, 2020. 30 days later, on October

22, 2020, Defendants attempted to remove this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction. ECF No. 1. However, the Clerk of Court indicated that the pleading was deficient because the accompanying exhibits were not properly labeled[1], and required Defendants to refile. On October 23, 2020 Defendants re-filed the Notice of Removal, once again purporting to remove on the basis of diversity jurisdiction. With respect to the amount in controversy, the October 23, 2020 Notice of Removal states:

> Plaintiffs claim to have 'sustained  significant business losses,' ([Compl.] ¶ 4), starting on March 7, 2020, and worsening after March 20, 2020. (*Id.* ¶ 80). Plaintiffs also claim that their operating costs increased because of COVID -19. (*Id.* at Ex. E, F). Given that two dental practices located in New York are seeking many months' worth of lost business income and increased operating costs, the amount is controversy is more than $75,000.

ECF No. 3 at ¶ 3.

By a motion filed November 19, 2020, Plaintiffs moved to remand this matter to state court, arguing that Defendants insufficiently alleged an amount in controversy above the diversity jurisdiction threshold, $75,000, and that removal was untimely. ECF Nos. 10-13. Defendants opposed the motion to remand on December 17, 2020. ECF Nos. 12-14. Plaintiffs filed a reply brief in further support of remand on January 2, 2021. ECF No. 15.

<u>Discussion</u>

1.  Amount in Controversy

---

[1] The Docket entry states: "Notice to Attorney Charles Anthony Michael to RE-FILE Document No. <u>1</u> Notice of Removal. The filing is deficient for the following reason(s): Pursuant to ECF Filing Rule 13.3, Notice of Removal exhibits must be filed as attachments and labeled. Each attachment must be clearly titled in the ECF entry so the subject of the exhibit is clear. They cannot be labeled "Exhibit A, Exhibit B, etc.". Re-file the pleading using the event type Notice of Removal found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (sj)".

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants." 28 U.S.C. § 1441(a). A defendant seeking to remove to federal court "bears the burden of proving that the case is properly in federal court and that party may not be relieved of its burden by any formal procedure." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010)(citing *United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). A defendant "must justify [its] allegations that [the plaintiff's] complaint asserts claims exceeding [$75,000] by a preponderance of [the] evidence." *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)). When the "pleadings themselves are inconclusive as to the amount in controversy," the defendant "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" by a preponderance of the evidence. *Hager v. Steele*, 2020 U.S. Dist. LEXIS 134511, at *3 (S.D.N.Y. July 29, 2020) (citing *United Food*, 30 F.3d at 305. In that situation, "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong*, 625 F.3d at 775 (citing *United Food*, 30 F.3d at 305).

Here, Defendants removed on the basis of diversity jurisdiction, which exists "where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). There is no dispute that the parties are citizens of different states. But, Plaintiffs contend that Defendants have not carried their burden as to the amount in controversy because the Notice of Removal does not allege facts showing more than $75,000 in controversy—and that Defendants could not carry their burden because the Complaint seeks only declaratory relief and pleads no specific demand for damages. Defendants,

on the other hand, argue that they have carried their burden by their allegation in the Notice of Removal that Plaintiffs seek business interruption insurance for many months of lost income from two dental practices. Defendants also submit publicly available data demonstrating Plaintiffs had annual sales north of $500,000, which would suggest Plaintiffs' losses for the period in question are upwards of $300,000. Plaintiffs do not challenge the veracity of the publicly available documents or make any submission demonstrating that the amount in controversy is less than $75,000.

"When the applicability of liability coverage is at issue, as in this case, 'the jurisdictional amount in controversy is measured by the value of the underlying claim . . . .'" *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 2021 U.S. Dist. LEXIS 36411, at *4 (S.D.N.Y. Feb. 26, 2021) (citing *Perez v. Foremost Ins. Co.*, No. 17-CV-997 (HKS), 2018 U.S. Dist. LEXIS 93421, 2018 WL 2473573, at *2 (W.D.N.Y. June 4, 2018)). Defendants have submitted preponderant evidence showing a "reasonable probability" that Plaintiffs' claim is in excess of $75,000. This evidence includes, *inter alia*, Experian credit reports estimating Plaintiffs' annual sales, and Plaintiffs' unwillingness to stipulate that the amount in controversy is $75,000 or less. *See, e.g.*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (relying in part on plaintiff's declining to stipulate to the amount in controversy to conclude defendant carried burden on that issue). Plaintiffs have neither put forth any facts in support of an amount in controversy less than $75,000 nor stipulated to an amount in controversy below the diversity jurisdiction threshold. The Court concludes that the unrebutted submission from Defendants carries their burden to show the amount in controversy.

2. Timeliness

Next, the Court considers the timeliness of removal. 28 U.S.C. § 1446 provides a party thirty days after service to remove an action from state to federal court. 28 U.S.C. § 1446(b). It is undisputed that Defendants' October 23, 2020 Notice of Removal was filed 31 days after September 22, 2020, beyond the 30-day deadline set forth in Section 1446. Defendants argue that removal was timely by virtue of their October 22, 2020 Notice of Removal, despite the fact that the Clerk of Court directed Defendants to refile. Plaintiffs contend that the October 22, 2020 should be disregarded.

"Courts in the Southern District of New York routinely decline to consider motions to be untimely based on a failed ECF filing, particularly where a [Notice of Electronic Filing] was generated upon an original, timely filing." *Corley* v. *Spitzer*, No. 1 l-cv-9044 (RJS), 2015 U.S. Dist. LEXIS 2022, 2015 WL 127718, at *3 (S.D.N. Y. Jan. 7,2015); *see also Webb v. Harrison*, No. 14-cv-5366 (RJS), 2015 U.S. Dist. LEXIS 13959, at *1 n.2 (S.D.N.Y. Feb. 5, 2015) ("Notwithstanding that error message, Plaintiffs' August 15 filing resulted in the ECF system generating a Notice of Electronic Filing ("NEF"). As a result, there are no timeliness concerns associated with Plaintiffs' motion to remand.") Here, Defendants' October 22, 2020 Notice of Removal was rejected for failure to comply with an ECF filing rule regarding formatting attachments. The Plaintiffs and the Court were notified of the filing of the October 22, 2020 Notice of Removal and could timely access its contents while the technical error was resolved by Defendants. Under these circumstances, the Court concludes that fairness is served by excusing the technical error in the October 22, 2020 Notice of Removal and deeming it timely filed, despite the need for Defendants to refile to cure a violation of ECF filing rules. *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1049 (2d Cir. 1991) ("It is the business of the Clerk's Office to make

sure that parties file documents that conform to the ECF filing rule. We hold that it is the business of the district court to determine whether fairness demands that noncompliance be excused.").

Conclusion

For the reasons above, the Court hereby DENIES Plaintiffs' motion to remand this matter to state court. The Parties are ORDERED to file a joint status report by April 29, 2020.

**SO ORDERED.**

**Dated: April 15, 2021**

       **New York, New York**

                                  **ANDREW L. CARTER, JR.**

                                  **United States District Judge**